SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**KATE A. ROCHAT, OSB #184324**
Assistant United States Attorney
Kate.Rochat@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:25-cr-00337-AN** |
| **v.** | **GOVERNMENT RESPONSE TO DEFENDANT'S BRIEF REGARDING CONDITIONS OF PRETRIAL RELEASE** |
| **TRACY MOLINA,** | |
| **Defendant.** | |

On August 22, 2025, the defendant was charged by Information with Failure to Obey a Lawful Order in violation of 41 C.F.R.§ 102-74.385. The defendant made her initial appearance that same day before the Honorable Youlee Yim You, U.S. Magistrate Judge, and was released with conditions. On November 18, 2025, the defendant, through her counsel, filed a brief requesting modification of her pretrial release conditions. The government opposes the

defendant's request for modification. The defendant's current conditions of pretrial release are appropriate and the least restrictive conditions necessary.

## I. Factual Background

Since approximately June of 2025, there have been protests outside of the Immigration and Customs Enforcement (ICE) Building located on 4310 S Macadam Ave, Portland, OR 97239. Law enforcement observed the defendant outside of the facility on multiple occasions prior to the government charging the defendant by Information.

### a. Conduct leading up to Defendant's Charge

On July 28, 2025, the defendant, while present outside of the ICE facility, threw a water bottle towards federal property and hit an ICE vehicle, with a detainee inside, as it was departing. The defendant told federal law enforcement agents that she was "going to shoot bows and arrows at you guys." Attachment 1. She was issued a cease-and-desist letter by the Federal Protective Service warning her of potential criminal consequences for future violations. Attachment 2.

On August 10, 2025, the defendant returned to the ICE facility and was observed by officers in the adjacent area of the ICE facility carrying a bow on her back. Attachment 2.

On August 18, 2025, the defendant once again returned and was seen walking the perimeter of the ICE building carrying what is believed to be a firearm, specifically a Glock 20/21 that was outfitted with a 'Micro Conversion Kit (Gen1).' Attachment 2.

### b. Current Charge

On August 21, 2025, the Defendant failed to depart from federal property. On August 22, 2025, the defendant was charged by Information for this violation and had her initial appearance in front of the Honorable Youlee Yim You, who released the defendant with conditions. ECF 5.

The Court ordered that [the defendant] shall not be present within the following geographical area surrounding the Immigration and Customs Enforcement Building (ICE) in Portland, Oregon, defined as the area bounded by South Gaines Street to the North; Interstate 5 to the West; Southwest Hamilton Court to the South; and the Willamette River to the East. ECF 6.

At the time when this condition was imposed, the defendant, through her counsel, raised concerns regarding her ability to access the river and businesses in the area. The Court noted the defendant's concerns and nevertheless imposed the boundary as the least restrictive condition necessary to achieve the objectives of the Bail Reform Act.

On November 7, 2025, the parties agreed to recommend modifying the condition of release to allow the defendant to travel to and from her veterinary clinic. ECF 29. The modified condition defined the exclusion zone as the area bounded by South Abernethy Street to the North; Interstate 5 to the West; Southwest Hamilton Court to the South; and the Willamette River to the East. This restriction does not apply to uninterrupted travel on Interstate 5.

**c. Defendant's Performance on Pretrial Release**

Since August 22, 2025, when the defendant had her initial appearance and was released with conditions, she has repeatedly violated the terms of her Pretrial release. Her violations began on August 27, 2025, when she came into the Court ordered geographical exclusion zone. She was taken into custody and placed in a holding cell within the ICE facility. Once inside of the building, law enforcement officers needed to use physical restraint on the defendant. Further details of this incident are contained in Attachment 2. Pursuant to a warrant, the defendant appeared before Magistrate Judge Stacie F. Beckerman and admitted to the violation. ECF 15. The defendant stated that she would not violate her conditions again.

Nevertheless, on September 7, 2025, at 6:40 pm, the defendant was observed on the corner of Macadam and Bancroft. She was observed again at 7:11 pm. The defendant was not apprehended but a summons was issued. She came before the Honorable Jolie A. Russo on September 24, 2025. The Court found her in violation of her pretrial release conditions. ECF 20.

On October 13, 2025, federal officers observed the defendant, once again, near the ICE building within the geographical exclusion zone. On October 19, 2025, she returned to the exclusion zone again. On October 21, 2025, camera footage showed the defendant had once again come near the ICE building and remained from 5:47 pm to 11:20 pm. As a result, On November 7, 2025, the defendant was summoned to appear before the Honorable Jeffrey Armistead, U.S. Magistrate Judge. The defendant admitted violating her pretrial conditions. ECF 28. The government did not seek revocation of the defendant's release and requested that the judge inform the defendant of potential penalties associated with violating judicial orders.

Following this violation and the defendant's request to modify her pretrial conditions, she made statements that evidence an intentional violation of judicial orders. On November 10, 2025, FPS officers interviewed a person who had placed a sticker on Edith Green Wendell Wyatt (EGWW) Federal Office Building (FOB) located at 1220 SW 3rd Portland, OR. The defendant was accompanying the subject. When the defendant was asked about her pretrial conditions, she said words to the effect of "I have been around the ICE facility multiple times and the court hasn't done anything."

On November 11, 2025, the defendant posted on her public X account (formally known as twitter) and said, "I just want to thank my awesome powerful POTUS, the blessed Donald J.

Trump for giving me the courage to ignore federal judge's orders like a full blood Aaryan American. God Bless America." Attachment 2.

## II. Applicable Law

Title 18, Section 3142(c)(3) of the Bail Reform Act states that a "judicial officer may at any time may amend the [release] order to impose additional or different conditions of release." Section 3145(a)(2), addressing review or appeal of a magistrate judge's order of release, allows the defendant to "file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release." Neither the Federal Rules of Criminal Procedure, nor the Bail Reform Act specifically address the procedures which govern a request to modify conditions of pretrial release.

This Court has the explicit statutory authority to place limitations on a defendant's travel. Title 18, United States Code, Sections 3142(a)(2) and (c)(1)(B)(iv) state, "upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be…released on a condition of combination of conditions… which may include the condition that the person abide by specified restriction on personal associations, place of abode, or travel."

Title 18, United States Code, Section 3142(c)(1)(B) states that this conditions or conditions must be the least restrictive further condition, or combinations of conditions, that such officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community.

## III. <u>Argument</u>

There is no question raised by defense as to this Court's lawful authority to restrict the defendant from a geographical area. Furthermore, the parties appear to agree that any conditions of pretrial release, regardless of whether they implicate the first amendment, should be the least restrictive condition, or combinate of conditions, to effectuate the objectives of the Bail Reform Act.

The sole contested issue before the court is whether the boundaries set forth by the Honorable Youlee Yim You, and modified by the Honorable Jeffrey Armistead, are the least restrictive conditions that will reasonably assure the safety of any other person and the community.

a. **<u>The Amended Boundaries Proposed by Defense Are Inadequate.</u>**

The defendant has on multiple occasions, violated the law in the area surrounding the ICE facility. She has ignored signs and orders of federal agents, thrown an object at a vehicle transporting a detainee, threatened to shoot bows and arrows at federal agents, and walked around the surrounding area with weapons capable of inflicting serious bodily harm. Furthermore, she has repeatedly failed to abide by conditions set by the Court and publicly broadcast her defiance of Court orders using her social media.

Amending the geographical limitations imposed on the defendant would have the paradoxical effect of lessening restrictions on an individual who has continued violating judicial orders,  demonstrating the very reason that restrictions, in the form of an exclusion zone, are necessary in the first place. Allowing the defendant to frequent areas adjacent to the ICE building where she has been cited for violating the law multiple times jeopardizes the

resources of federal law enforcement agents. It also jeopardizes the safety of the community, to include other law-abiding protestors exercising their first amendment rights.

Furthermore since the defendant has already been placed on notice that she may not be present on federal property, if the court amends the conditions of pretrial release to remove the buffer zone between federal property and the area that the defendant can be without violating a court order, the defendant will have almost identical access to the area from which her criminal conduct occurred in the first place. This increases the likelihood the the Defendant offends again.

b. **<u>The Boundaries are Adequate and the Least Restrictive Conditions</u>**

The current geographical condition of pretrial release is the least restrictive condition that is necessary to ensure the safety of the community. The total area that the defendant is geographically restricted from accessing encompasses only a fraction of the city but is sufficiently large to further the government's interest in protecting federal property, federal agents, and the others who are lawfully and peacefully assembled in the immediate city blocks surrounding the federal facility.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. Conclusion

The government opposes the defendant's request for modification. The defendant's current conditions of pretrial release are appropriate and the least restrictive conditions necessary to ensure the safety of the community.

Dated: November 21, 2025

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

/s/ Kate A. Rochat

KATE A. ROCHAT, OSB #184324
Assistant United States Attorney